[No. 20148.  Department One.  December 6, 1926.]

ANNA CHRISTENSON, *Appellant*, v. NILS CHRISTENSON,
*Respondent*.[1]

[1] DIVORCE (80)—DIVISION OF PROPERTY.  Upon granting a divorce
between elderly people, married late in life, where separate
property of the husband of the value of nine thousand dollars,
awarded to him produced an income, and the separate property
of the wife consisting of five hundred dollars in cash and a
home of the value of two thousand awarded to her, produced no
income, an award of twenty-five dollars alimony per month for
one year, and fifteen dollars per month thereafter for four years,
will be set aside as inadequate, and a lump sum substituted
therefor.

Appeal from a judgment of the superior court for
King county, Griffiths, J., entered March 6, 1926,
awarding a division of the property upon granting a
divorce.  Modified.

*J. P. Wall,* for appellant.

*F. B. Carpenter,* for respondent.

MAIN, J.—The plaintiff brought this action for di-
vorce.  The defendant responded by answer and cross-
complaint, in which he sought a decree.  The trial
resulted in an interlocutory decree, by which each of
the parties was given a divorce.  From the inter-
locutory decree, the plaintiff appeals, being dissatisfied
with the property division, and that is the only ques-
tion upon the appeal.

No statement of facts or bill of exceptions has been
brought to this court, and the case must be determined
upon the findings of the trial court.  These may be
summarized as follows:  The parties were married on
May 12, 1920.  At the time of the trial, which occurred

[1]Reported in 251 Pac. 111.

early in March, 1926, the respondent was sixty-nine year of age and was capable of earning $3.44 per day as a laborer. The appellant was sixty-six years of age, and her health was so broken that she would be unable "to go out and work." The respondent was the owner of real property in the state of California of the value of six thousand dollars, and personal property of the value of three thousand dollars, which was his separate property. He also owned a mortgage and note upon which there was a balance due of nine hundred twenty dollars, and a real estate contract with a balance due thereon of seven hundred dollars. These were in the registry of the court. The appellant was the owner of separate property in King county in this state, consisting of her home and the furniture therein of the value of two thousand dollars, a note of five hundred dollars and cash in the sum of seventy dollars. The community property consisted of three hundred fifty-four dollars in cash.

At the time of the trial the respondent had gone to the state of California to reside. During the married life of the parties, they lived in the home of the appellant. The trial court in its decree allowed the appellant the sum of twenty-five dollars per month for the term of one year, and thereafter fifteen dollars per month for four years, which would make a total of one thousand twenty dollars; and provided that the securities which were in the registry of the court, or the proceeds thereof, should be impounded for the purpose of securing these payments. The result was that the respondent retained his California property of the value of nine thousand dollars, and the community property in the sum of three hundred fifty four dollars in cash. The appellant retained her house and furniture, note and cash, which amounted to two thousand five hundred seventy dollars.

It seems to us that, under all the facts of the case, it would have been better to have made a lump sum award to the appellant, and that the amount allowed her was not sufficient. During the married life of the parties, the California property would result in an income to the respondent. The appellant's property during that time would not produce an income, inasmuch as the parties were residing therein. During the married life, the appellant could not go out to work and add to her estate. It is our opinion that the note and mortgage, upon which there was a balance due of nine hundred twenty dollars, and the real estate contract upon which there was a balance due of seven hundred dollars, should have been given outright to the appellant, and that no monthly alimony should have been provided for.

The cause will be remanded to the superior court, with direction to modify the interlocutory decree as herein indicated.

TOLMAN, C. J., MITCHELL, FULLERTON, and HOLCOMB, JJ., concur.